**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JULSON MERDELUS,

     Petitioner,

v.

MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office,
Immigration and Customs Enforcement;
TODD M. LYONS; Acting Director of
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security; and
WARDEN, Torrance County Detention
Center,

     Respondents.

Case No. 1:26-cv-01438-MIS-JHR

**<u>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>**

**THIS MATTER** is before the Court on Petitioner Julson Merdelus's Petition for Writ of

Habeas Corpus ("Petition"), ECF No. 1, filed May 6, 2026. Respondents Mary De Anda-Ybarra,

Todd M. Lyons, and Markwayne Mullin ("Federal Respondents"),[1] filed a Response on May 15,

2026, ECF No. 6.

Respondents argue that "once the United States government decided (in its discretion) to

revoke Petitioner's parole, Petitioner returned to the status he had when he first arrived seeking

admission, which would require mandatory detention while his application is considered pursuant

---

[1]     Respondent Warden, Torrence County Detention Facility, did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, <u>see, e.g.</u>, <u>Intriago-Sedgwick v. Noem</u>, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, <u>see</u> <u>Francisco v. Dedos</u>, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

to [8 U.S.C.] § 1225." Id. at 6. Although the Court does not find credible Respondents' claim that the United States made a discretionary decision to terminate Petitioner's parole, the Court finds Petitioner is subject to § 1225 because his temporary parole expired on April 26, 2026.

Petitioner was granted temporary parole upon entry to the United States with an expiration date of April 26, 2026. Pet. ¶¶ 3, 7, ECF No. 1. Petitioner was arrested before April 26, 2026, and did not receive notice that his parole was terminated prior to his arrest. Pet. ¶¶ 6-7, ECF No. 1.

Respondents claim that "the reason Petitioner was arrested is that ICE had decided to cancel his parole," Resp. at 7, ECF No. 6, but provide no evidence that this was the case, see generally id. Furthermore, Respondents' discussion of Marczak v. Greene, 971 F.2d 510 (10th Cir. 1992) and Sierra Immigration & Naturalization Service, 258 F.3d 1213 (10th Cir. 2001) indicate that the United States did not make an individual decision to terminate Petitioner's parole. Resp. at 8, ECF No. 6 ("[T]he Tenth Circuit found that DHS must make individualized parole determinations on the merits;" "If this Court finds the decision revoking Petitioner's parole does not meet the Marczak standard because it does not appear to have been based on any crime or bad conduct by Petitioner . . . ."). Due to the lack of evidence and Respondents' allusion to the lack of an individualized decision, the Court does not find credible Respondents' claim that the United States made an individualized decision to terminate Petitioner's parole. Instead, it appears that Petitioner's parole expired naturally while he was in custody. Pet. ¶ 7, ECF No. 1.

The Court has found that when an alien's parole is lawfully terminated, the alien returns to the status of one at the border and is subject to § 1225. Fuenmayor v. Mullin, No. 1:26-CV-00622-MIS-LF, 2026 WL 963297, at *4 (D.N.M. Apr. 9, 2026). When Petitioner's temporary parole expired on April 26, 2026, while he was in custody, he reverted to the status of an alien at the border and became subject to § 1225. Id. And although Petitioner had not reverted to his border

2

status at the time of his arrest, and was therefore arrested unlawfully, his unlawful arrest does not change the legality of his current custody. See Lopez Guzman, v. Mullin, No. 1:26-CV-01248-MIS-GBW, 2026 WL 1328372, at *2 (D.N.M. May 13, 2026). Petitioner is subject to mandatory detention under § 1225 and is not entitled to release or a bond hearing.

Accordingly, it is **HEREBY ORDERED** that Petitioner Julson Merdelus's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3