**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JULSON MERDELUS,

     Petitioner,

v.

                                 Case No. 1:26-cv-01438-MIS-JHR

MARY DE ANDA-YBARRA, Field Office
Director of Enforcement and Removal
Operations, El Paso Field Office,
Immigration and Customs Enforcement;
TODD M. LYONS; Acting Director of
Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the
U.S. Department of Homeland Security; and
WARDEN, Torrance County Detention
Center,

     Respondents.

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on Petitioner Julson Merdelus's Motion for Reconsideration ("Motion"), filed June 16, 2026. ECF No. 9. On June 17, 2026, the Court took the Motion under advisement. ECF No. 10. Because the Court issued its Order denying his Petition before the deadline for a Reply, the Court permitted Petitioner to file a Reply to Respondents' Response to his Petition. Id. On July 1, 2026, Petitioner filed a Reply. ECF No. 11. Upon review of the Parties' submissions, the record, and the relevant law, the Court will DENY Petitioner's Motion for Reconsideration.

On May 19, 2026, the Court denied Petitioner's Petition for a Writ of Habeas Corpus, finding that, because Petitioner's temporary parole expired, he was subject to mandatory detention under 8 U.S.C. § 1225. ECF No. 7 at 2-3. On June 16, Petitioner moved for the Court reconsider

1

its Order, arguing the Court departed from "Established District Precedent Regarding 8 U.S.C. § 1226a" and the Court entered judgment prematurely. ECF No. 9 at 2-3.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Petitioner requests the Court reconsider its Order denying his Petition to "correct a clear error of law and ensure the uniform application of justice." Mot. at 2, ECF No. 9.

The Court took the Motion under advisement because it issued the Order Denying Petitioner's Petition before the deadline for Petitioner to reply to the Respondents' Response. See Order to Show Cause at 2, ECF No. 3; Order Den. Pet., ECF No. 7. The Court permitted Petitioner to file a Reply, ECF No. 10, and he did so, ECF No. 11.

Petitioner makes several arguments in his Motion and Reply he believes requires the Court to reconsider the reasoning in its Order. Petitioner is incorrect.

First, Petitioner claims the Court disregarded "District Precedent" in deciding he was detained under § 1225 instead of § 1226. Mot. at 2, ECF No. 9. The Court is not beholden to the decisions of other Judges in the District of New Mexico. Moreover, the Court has already found that petitioners whose temporary parole has expired are subject to § 1225. Fuenmayor v. Mullin, No. 1:26-CV-00622-MIS-LF, 2026 WL 963297, at *5 (D.N.M. Apr. 9, 2026).

Second, Petitioner argues Respondents conceded he did not engage in misconduct, thereby rendering his arrest unlawful and requiring release. Reply at 3-4, ECF No. 11. An unlawful arrest, however, is not grounds for release. Lopez Guzman v. Mullin, No. 1:26-CV-01248-MIS-GBW,

2026 WL 1328372, at *2 (D.N.M. May 13, 2026) ("And even if Petitioner's arrest was unlawful, release is not a remedy for an unlawful immigration arrest.") (citing I.N.S. v. Lopez-Mendoza, 468 U.S. 1032, 1039 (1984); Lopez v. Burke, 413 F.2d 992, 993-94 (7th Cir. 1969)).

Third, Petitioner argues a bond hearing is warranted under the Due Process Clause because he developed a cognizable liberty interest by residing in the United States for "a substantial period of time." Reply at 4-10, ECF No. 11. Petitioner argues the appropriate remedy is immediate release. Id. at 10-11. Petitioner is incorrect. The Due Process clause does not provide persons situated like Petitioner a liberty interest in a bond hearing. Fuenmayor, 2026 WL 963297, at *4 ("Petitioner's presence within the country does not entitle him to due process protections.") (citing Sierra Immigr. & Naturalization Serv., 258 F.3d 1213, 1218 (10th Cir. 2001)).

In summary, Petitioner is subject to § 1225, immigrant detainees subject to § 1225 are not entitled to a bond hearing, and neither the nature of his arrest or his presence within the country changes his circumstances.

The Court declines to reconsider its Order Denying Petitioner's Petition for a Writ of Habeas Corpus. For the foregoing reasons, **IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE